UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SIMONE ANGELLA ROBERTS,

Petitioner,

v.

BRUCE SCOTT, Warden, Northwest
Immigration and Customs Enforcement
Processing Center, and MARKWAYNE
MULLIN, Secretary of United States
Department of Homeland Security,

Respondents.

CASE NO. 2:26-cv-01333-TL

ORDER TO SHOW CAUSE

This matter is before the Court on its own motion.

Petitioner Simone Angella Roberts filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("habeas petition") on April 19, 2026. Dkt. No. 1.

Petitioner alleges that she is a "a non-dangerous visa overstay" with "no criminal history" who has been detained since February 21, 2026, following a vehicle stop by U.S. Border Patrol agents in Mead, Washington, "initiated based on observations of her driving behavior, including

ORDER TO SHOW CAUSE – 1

swerving and inconsistent speeds." Dkt. No. 1 at 1, 4. She further alleges that

> Despite her lack of criminal history and her active pursuit of relief, Petitioner remains detained without any meaningful individualized determination that her continued detention is necessary. There has been no finding that she poses a danger to the community or a flight risk sufficient to justify ongoing confinement.

Dkt. No. 1 at 5.

Petitioner argues that her detention is unlawful because the procedures attending her detention fail the *Mathews* test for constitutionally sufficient due process (*id* at 6–8 (citing *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976)); because her "Detention Is Not Reasonably Related to Its Civil Purpose" (*id.* at 8–9); because her "Removal Is Not Imminent and Her Detention Lacks a Definite Endpoint" (*id.* at 9–10); and because her detention is unreasonably prolonged under *Banda v. McAleenan*, 385 F. Supp. 3d 1099 (W.D. Wash. 2019) (*id.* at 10–12).

Petitioner seeks immediate release and asserts that "[b]ecause the constitutional violation arises from detention imposed without adequate process and without lawful justification, release—not a belated bond hearing—is the appropriate remedy." Dkt. No. 1 at 2.[1] Petitioner argues that a bond hearing in front of an immigration judge ("IJ") would not provide an adequate remedy for the violation of her rights, relying on a generalized statement that "Tacoma Immigration Judges are arbitrarily making individualized findings of 'flight risk' across the board without genuine independent review." Dkt. No. 1 at 13. Petitioner includes several purported details about the "*current* situation in Tacoma," including that "Tacoma IJs granted bond in only 3% of cases in *fiscal year 2023*." *Id.* (emphases added). Not only are statistics from 2023 not particularly probative in mid-2026, but no source for this figure is provided. In fact,

---

[1] For support of this statement, Petitioner cites *Munaf v. Geren*, 553 U.S. 674, 693 (2008), but the *Munof* opinion, which *denied* habeas relief to American citizens detained overseas, neither supports Plaintiff's statement, includes any discussion of bond hearings or immigration detention, nor identifies *any* situation in which release is appropriate—rather, it held that the particular relief sought by the petitioners in that case was not habeas relief.

ORDER TO SHOW CAUSE – 2

Petitioner, through counsel, has not attempted to support a single one of these so-called facts with any evidence, and has not indicated the basis for any of her unsupported assertions. *See id.*

In light of Petitioner's statement that "[t]here has been no finding that she poses a danger to the community or a flight risk sufficient to justify ongoing confinement," and her repeated discussion of a bond hearing as a hypothetical future event, the Court was surprised to learn upon receiving Respondent Markwayne Mullin's return memorandum that "[a]lthough the Petition fails to mention it, Petitioner appeared at a bond redetermination hearing on April 16, 2026"— three days *before* the habeas petition was filed. Dkt. No. 4 at 1. "At the end of the bond hearing where Petitioner was represented by counsel, the immigration judge denied bond on the basis that Petitioner did not establish that she was not a danger to the community or a flight risk." *Id.* at 4. Respondent provided the IJ's order denying bond, which shows that Petitioner's counsel in her immigration case (presumably the same counsel present at the April 16 bond hearing) is Vicky J. Currie, the same attorney representing Petitioner in this habeas action. *See* Dkt. No. 6-4 (Order of the Immigration Judge) at 2.

Counsel's representations, while arguably consistent with her position (presented for the first time in her traverse), that any findings at the bond hearing were legally erroneous, were, at best, highly misleading. It seems obvious that counsel intended to leave the Court with the impression that no bond hearing for Petitioner ever took place, which is not true. Moreover, Plaintiff's representations hid from the Court a material fact, as a valid bond denial would render most or all of her claims moot.[2] Plaintiff's counsel, who is a member of the Washington State Bar, is reminded that she owes the Court a duty of candor. She also owes her client a duty of diligence, and risked prejudicing her case by not challenging the IJ's denial of bond. Counsel has

---

[2] "Courts in this District have consistently held that, irrespective of other alleged legal errors, petitioners are not entitled to habeas relief when an IJ finds a separate basis for their detention and that basis is unchallenged." *Valdovinos v. Blanche*, No. C26-706, 2026 WL 1091282, at *4 (W.D. Wash. Apr. 22, 2026) (collecting cases).

ORDER TO SHOW CAUSE – 3

previously been admonished by another court in this District for failure to "make sufficient allegations or to submit evidence supporting claims for relief" and reminded of her obligations under Rule 11 of the Federal Rules of Civil Procedure. *Cruz-Rodas v. Scott*, No. C26-12, 2026 WL 265758, at *4 (W.D. Wash. Feb. 2, 2026) (Cartwright, J.). The Court now similarly reminds counsel of her Rule 11 and ethical obligations and warns her that similar lapses in this or other cases "may result in denial of habeas relief, dismissal of unsupported claims, or sanctions." *Id.*

In her traverse, Petitioner provides no explanation for her omission of the critical fact of her bond hearing from her petition and demonstrates no awareness of the legal relevance of the IJ's unchallenged findings to the relevance of her client's case. *See* Dkt. No. 7 at 2. She argues instead that "Respondents do not contend that Petitioner poses a danger to the community or a flight risk. Nor do they identify any evidence supporting such conclusions." *Id.* But it is not Respondents' responsibility to provide evidence in support of the findings the IJ already made. It is *Petitioner*'s responsibility to inform the Court if she believes the IJ's findings were legally erroneous (a necessary condition for the Court to grant the habeas petition), to identify specific legal errors the IJ made, and to support her arguments with evidence.

Finally, halfway through her traverse, Petitioner alleges that "There was no individualized determination at detention, no reasoned decision at bond, no evidence supporting detention, and no timely or meaningful avenue for relief." Dkt. No. 7 at 6. She continues:

> The bond hearing lasted only a few short minutes, and the Immigration Judge's April 16, 2026, order consists solely of checked boxes indicating that Petitioner is a 'danger to the community' and a 'flight risk,' without any factual findings, legal analysis, or explanation. There is no identification of evidence, no discussion of the governing factors, and no reasoning that would permit meaningful review.

*Id.* at 7. So, while her challenge is tardy, Petitioner has now challenged the IJ's findings,

ORDER TO SHOW CAUSE – 4

providing an additional basis for habeas relief. However,

> A Traverse is not the proper pleading to raise additional grounds for relief. In order for the State to be properly advised of additional claims, they should be presented in an amended petition or . . . a statement of additional grounds. Then the [government] can answer and the action can proceed.

*Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994). Moreover, Petitioner still provides no evidence or details about the IJ's alleged error.

In habeas cases, the Court "a district court 'has discretion, but is not required to' consider evidence and claims raised for the first time after the filing of the petition," including in a traverse. *Moore v. McVay*, No. C22-2747, 2023 WL 2541328, at *4 (N.D. Cal. Mar. 15, 2023) (first quoting *Brown v. Roe*, 279 F.3d 742, 745 (9th Cir. 2002); then citing *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); and then citing *Jackson v. Roe*, 425 F.3d 654, 655 n.1 (9th Cir. 2005)). Considering an untimely claim may be appropriate, for example, when the claim related to a hearing that occurred after the petition was filed. *See, e.g.*, *Perez v. Scott,* No. C25-2558, 2026 WL 149011, at *1 (W.D. Wash. Jan. 20, 2026); *Aburto Lopez v. Scott*, No. C25-2541, 2026 WL 194234, at *2 n.2 (W.D. Wash. Jan. 26, 2026). In this case, however, the bond hearing occurred several days before the petition was filed, and any legal errors therein should have been alleged in the petition. The Court could (and in any other type of case likely would) summarily deny the petition for failure to make this necessary argument in the first instance. But to do so would be to punish Petitioner for her counsel's error and risk withholding relief from someone whose detention may, in fact, be in violation of the laws of the United States. The Court allows that it is concerned about the legal sufficiency of the IJ's findings, especially considering that the record presented here includes no indication that Petitioner poses either a flight risk or a danger, Respondent does not dispute Petitioner's claim that she has no

ORDER TO SHOW CAUSE – 5

criminal history, and the IJ's order gives the Court no insight evidence the IJ relied on or the basis for his conclusions.[3]

Accordingly, Petitioner is ORDERED TO SHOW CAUSE, on or before **June 25, 2026**, why her petition should not be denied for failing to raise a necessary claim. Petitioner may comply with this order by filing a statement of additional grounds that clearly alleges any errors she ascribes to the findings made by the IJ in denying bond. Plaintiff's allegations should be substantiated by specific details regarding the IJ's reasoning and the evidence presented, and should be supported with exhibits and/or declarations.

Dated this 18th day of June, 2026.

Tana Lin
United States District Judge

---

[3] While the IJ's order provides no illumination on the basis for his findings, the lack of written findings does not necessarily mean the IJ did not review evidence or make reasoned oral findings, and "the absence of a contemporaneous record does not, in and of itself, constitute a procedural deficiency." *W.T.M. v. Bondi*, No. C25-2428, 2026 WL 262583, at *3 (W.D. Wash. Jan. 30, 2026) (citing *Yong Guo v. Nielson*, No. C18-1557, 2019 WL 2515166, at *2 (W.D. Wash. June 18, 2019).

Additionally, the Court gives no weight at this point to Petitioner's assertion that "no evidence supporting detention" was presented at the bond hearing, because she offers it without support. "Unsupported assertions by counsel are not evidence." *Lopez v. Lynch*, 610 F. App'x 668 (9th Cir. 2015) (citation modified) (citing *INS v. Phinpathya*, 464 U.S. 183, 188–89 n.6 (1984)). If this statement reflects counsel's personal knowledge based on her own presence at and participation in the bond hearing, counsel should have provided evidence in the form of her own verified declaration providing her account of the proceedings.

ORDER TO SHOW CAUSE – 6